IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CDC NEWBURGH INC., <br><br> Plaintiff, <br><br> v. <br><br> STM BAGS, LLC; and LIENAU SALES AND MARKETING, LLC (d/b/a LIENAU), <br><br> Defendants. | Case No. 7:22-cv-1597-NSR <br><br> **JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STM BAGS LLC**

Defendant STM BAGS LLC ("STM"), by and through its undersigned counsel, responds to Plaintiff's Complaint as follows:

**ANSWER**

**THE PARTIES**

1. The allegations set forth in paragraph one are admitted.

2. The allegations set forth in paragraph two are admitted.

3. The allegations set forth in paragraph three are admitted.

**JURISDICTION AND VENUE**

4. The allegations set forth in paragraph four are legal conclusions and require no response.

5. STM admits that its products are sold in this District, and that Plaintiff has been engaged in the unauthorized sale of STM's products in this District. The remaining allegations set forth in paragraph five are denied.

6. The allegations set forth in paragraph four are legal conclusions and require no response.

## NATURE OF THE ACTION

7. STM admits that Amazon.com was notified of Plaintiff's unauthorized sale of products purporting to be the same as STM's products. The remaining allegations set forth in paragraph seven are denied.

## FACTS

8. The allegations set forth in paragraph eight are denied for lack of information.

9. The allegations set forth in the first sentence of paragraph nine are admitted. The allegations contained in the second sentence of paragraph nine are denied to the extent that they refer to facts underlying the case at issue. The remaining allegations set forth in the second sentence of paragraph nine, to the extent that the same are legal conclusions, require no response.

10. The allegations set forth in paragraph ten are denied for lack of information.

11. The allegations set forth in paragraph eleven are admitted.

12. The allegations set forth in paragraph twelve are denied for lack of information, insofar as Plaintiff is attempting to summarize the knowledge of unnamed individuals "familiar with e-commerce," and it is impossible for STM to confirm the accuracy of the same.

13. The allegations set forth in paragraph thirteen are denied for lack of information.

14. The allegations set forth in paragraph fourteen are denied for lack of information.

15. The allegations set forth in paragraph fifteen are admitted.

16. The allegations set forth in paragraph sixteen are admitted.

17. The allegations set forth in paragraph seventeen are denied for lack of information.

18. STM admits that Defendant Lienau Sales and Marketing serves as a sales representative and selling agent for STM. All remaining allegations set forth in paragraph eighteen, to the extent not specifically admitted, are denied.

19. The allegations set forth in paragraph nineteen are denied for lack of information.

20. The allegations set forth in paragraph twenty are denied for lack of information.

21. The allegations set forth in paragraph twenty-one are denied insofar as Plaintiff characterizes STM's interaction with Amazon as being "in retaliation" for Plaintiff's conduct, and further claims that Defendants made "false reports" to Amazon.

22. The allegations set forth in paragraph twenty-two are denied for lack of information concerning Plaintiff's knowledge.

23. The allegations set forth in paragraph twenty-three are denied in that STM discovered that Plaintiff was engaged in the unauthorized sale of STM products, leading to the appropriate notification to Amazon.

24. The allegations set forth in paragraph twenty-four are denied.

25. The allegations set forth in paragraph twenty-five are denied.

26. STM admits that its products are sold through Amazon by those with authority to do so, and further that Plaintiff is not authorized to sell STM products. The remaining allegations set forth in paragraph twenty-six are denied.

27. STM admits that its products are sold through Amazon by those with authority to do so, and further that Plaintiff is not authorized to sell STM products. The remaining allegations set forth in paragraph twenty-seven are denied.

28. The allegations set forth in paragraph twenty-eight are denied.

## COUNT I
## (Defamation)

29. STM restates its responses to the allegations set forth in paragraphs 1-28 inclusive, as though fully set forth herein.

30. The allegations set forth in paragraph thirty are denied for lack of information.

31. The allegations set forth in paragraph thirty-one are denied.

32. The allegations set forth in paragraph thirty-two are denied.

33. The allegations set forth in paragraph thirty-three are denied.

34. The allegations set forth in paragraph thirty-four are denied.

35. The allegations set forth in paragraph thirty-five are denied.

36. The allegations set forth in paragraph thirty-six are denied.

37. The allegations set forth in paragraph thirty-seven are denied.

38. The allegations set forth in paragraph thirty-eight are denied.

39. The allegations set forth in paragraph thirty-nine are denied.

## COUNT II
## (Tortious Interference – Prospective Business Relations)

40. STM restates its responses to the allegations set forth in paragraphs 1-39 inclusive, as though fully set forth herein.

41. The allegations set forth in paragraph forty-one are denied insofar as Plaintiff characterizes the reporting of Plaintiff's unauthorized activity as false.

42. The allegations set forth in paragraph forty-one are denied insofar as Plaintiff characterizes the reporting of Plaintiff's unauthorized activity as false.

43. The allegations set forth in paragraph forty-three are denied.

44. The allegations set forth in paragraph forty-four are denied.

45. STM admits that Plaintiff would have continued to engage in its unauthorized activity but for the reporting of the same.

46. The allegations set forth in paragraph forty-six are denied.

47. The allegations set forth in paragraph forty-seven are denied.

48. The allegations set forth in paragraph forty-eight are denied.

## COUNT III
### (Prima Facie Tort)

49. STM restates its responses to the allegations set forth in paragraphs 1-48 inclusive, as though fully set forth herein.

50. The allegations set forth in paragraph fifty are denied.

51. The allegations set forth in paragraph fifty-one are denied.

52. The allegations set forth in paragraph fifty-two are denied.

53. The allegations set forth in paragraph fifty-three are denied.

## COUNT IV
### (False Advertising – 15 U.S.C. § 1125(a))

54. STM restates its responses to the allegations set forth in paragraphs 1-53 inclusive, as though fully set forth herein.

55. STM admits that it offers its products for sale in interstate commerce. The remaining allegations set forth in paragraph fifty-five are denied.

56. STM admits that Amazon is an online retailer. The remaining allegations set forth in paragraph fifty-six are denied for lack of information.

57. The allegations set forth in paragraph fifty-seven are denied for lack of information.

58. The allegations set forth in paragraph fifty-eight are admitted.

59. The allegations set forth in paragraph fifty-nine are denied.

60. The allegations set forth in paragraph sixty are denied.

61. The allegations set forth in paragraph sixty-one are denied.

62. The allegations set forth in paragraph sixty-two are denied.

63. The allegations set forth in paragraph sixty-three are denied.

64. The allegations set forth in paragraph sixty-four are denied.

65. The allegations set forth in paragraph sixty-five are denied.

66. The allegations set forth in paragraph sixty-six are denied.

## COUNT V
### (Declaratory Judgment of Non-Infringement)

67. STM restates its responses to the allegations set forth in paragraphs 1-66 inclusive, as though fully set forth herein.

68. STM admits that a present, genuine and justiciable controversy exists between STM and Plaintiff. The remaining allegations set forth in paragraph sixty-eight are denied.

69. The allegations set forth in paragraph sixty-nine are denied.

70. The allegations set forth in paragraph seventy are denied.

71. The allegations set forth in paragraph seventy-one are denied.

72. The allegations set forth in paragraph seventy-two are denied.

## COUNT VI
### (Common Law Unfair Competition)

73. STM restates its responses to the allegations set forth in paragraphs 1-72 inclusive, as though fully set forth herein.

74. The allegations set forth in paragraph seventy-four are denied.

75. The allegations set forth in paragraph seventy-five are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Second Affirmative Defense

Plaintiff's damages, if any, were caused in whole or in part by the conduct of Plaintiff, such that the same must be reduced by the comparative fault of Plaintiff, and Plaintiff is entitled to no recovery from STM.

### Third Affirmative Defense

Plaintiff has failed to mitigate its damages, if any.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

### Fifth Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### Seventh Affirmative Defense

Plaintiff has suffered no actual injury.

### Eighth Affirmative Defense

STM was not the proximate or legal cause of Plaintiff's damages, if any.

**Ninth Affirmative Defense**

Plaintiff's theories or recovery do not permit an award of attorney fees in favor of Plaintiff.

**Tenth Affirmative Defense**

STM is not responsible for Plaintiff's claimed damages for defamation, if any, inasmuch as any statement by STM to any third-party concerning Plaintiff was, in fact, true.

WHEREFORE, STM prays the Court dismiss Plaintiff's Complaint with prejudice and at cost to Plaintiff, and further enter judgment in favor or STM and against Plaintiff for all attorney fees, court costs and expenses incurred in defending Plaintiff's Complaint, and for such further and additional relief as the Court deems just and equitable in the premises.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Defendant STM BAGS LLC demands a trial by jury on all issues so triable.

DATED:  April 6, 2022.

SHERMAN & HOWARD L.L.C.

*s/ James G. Sawtelle*
James G. Sawtelle (Admitted *Pro Hac Vice*)
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Telephone:  (303) 297-2900
Facsimile:  (303) 298-0940
Email:  jsawtelle@shermanhoward.com

*ATTORNEYS FOR DEFENDANT STM BAGS LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, I filed a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STM BAGS LLC** through the Court's CM/ECF System which will send notification to the following:

Jason B. Lattimore, Esq.
The Law Offices of Jason B. Lattimore, Esq. LLC
23 Madison Avenue, Suite 400
Morristown, NJ  07906
Email:  jason@lattimorelaw.com

Robert M. Isackson, Esq.
Martin B. Schwimmer, Esq.
Stefanie M. Garibyan, Esq.
Leason Ellis LLP
One Barker Avenue
White Plains, NY  10601
Email:  isackson@leasonellis.com
            schwimmer@leasonellis.com
            garibyan@leasonellis.com

*s/ Donna L. Fouts*
Donna L. Fouts, Practice Assistant