THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CDC NEWBURGH INC.,

    *Plaintiff*,

v.

STM BAGS LLC; AND LIENAU SALES AND MARKETING, LLC (D/B/A LIENAU),

    *Defendants*.

Civil Action No. 7:22-cv-1597-NSR

**DEFENDANT LIENAU SALES AND MARKETING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS AND ADD A COUNTERCLAIM**

**TABLE OF CONTENTS**

I.   THE STATEMENTS ARE OPINIONS BASED ON DISCLOSED FACTS, SUBMITTED PURSUANT TO AMAZON'S IP PROTECTION POLICY AND NOT DEFAMATORY. .................................................................................................. 2

   A.   Plaintiff Cannot Rebut that Lienau's Statements Were Privileged .............................. 4

      1.   Lienau's Statements to Amazon Pertain to Their Common Interest in Monitoring Brand Rights on Amazon's Site and Thus are Privileged ......................................... 4

      2.   The Pre-Litigation Statement Privilege Is Not Limited to Lawyer-to-Lawyer Communications ................................................................................................... 5

      3.   Plaintiff Cannot Meet its Burden that Lienau Exceeded its Privileges ................... 5

         i.   Plaintiff Failed to Plausibly Plead Common Law Malice as a Sole Motivation 6

         ii.  Plaintiff Failed to Plead Actual Malice Because There Is No Specific Allegation that Lienau Had a Reasonable Hunch ................................................ 7

II.  LIENAU DID NOT ASSERT RIGHTS IN ITS OWN NAME ......................................... 8

III. PLAINTIFF CANNOT STATE A NON-DUPLICATIVE TORTIOUS INTERFERENCE CLAIM ................................................................................................ 8

IV.  LIENAU HAS NOT MISUSED OR TAKEN A PROPERTY RIGHT OF PLAINTIFF'S ................................................................................................................... 9

V.   THE ALLEGATIONS SUPPORT FINDING AN ANTI-SLAPP VIOLATION ............ 9

VI.  FUTILITY OF FURTHER AMENDMENT ................................................................... 10

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Adelson v. Harris*,
   774 F.3d 803 (2d Cir. 2014) .................................................................................................. 10

*Buckley v. Litman*,
   57 N.Y.2d 516 (1982) ............................................................................................................. 4

*Chamilia, LLC v. Pandora Jewelry, LLC*,
   2007 WL 2781246 (S.D.N.Y. Sept. 24, 2007) ....................................................................... 4

*CT Espresso LLC v. Lavazza Premium Coffees Corp.*,
   1:22-cv-00377-DLC at 8 (S.D.N.Y. Sept. 28, 2022) .......................................................... 8, 10

*Davis v. Boeheim*,
   24 N.Y.3d 262 (2014) ............................................................................................................. 3

*Dongguk Univ. v. Yale Univ.*,
   734 F.3d 113 (2d Cir. 2013) ................................................................................................... 7

*Foster v. Churchill*,
   87 N.Y.2d 744 (1996) ............................................................................................................. 4

*Front v. Khalil*,
   24 N.Y. 3d 713 (2015) ............................................................................................................ 5

*Giuffre v. Maxwell*,
   2017 WL 1536009 (Apr. 27, 2017) ........................................................................................ 5

*Godinger Silver Art Ltd. v. Hirschkorn*,
   433 F. Supp. 3d 417 (E.D.N.Y. 2019) .................................................................................... 6

*Liberman v. Gelstein*,
   80 N.Y.2d 429 (1992) ..................................................................................................... 4, 6, 7

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*,
   85 F. Supp. 2d 282 (S.D.N.Y. 2000) ...................................................................................... 9

*Orenstein v. Figel*,
   677 F. Supp. 2d 706 (S.D.N.Y. 2009) .................................................................................... 5

*Thai v. Cayre Group, Ltd.*,
   726 F.Supp.2d 323 (S.D.N.Y. 2010) ...................................................................................... 5

*Toker v. Pollak*,
  44 N.Y.2d 211 (1978) ................................................................................................... 6

*Weldy v. Piedmont Airlines*,
  985 F.2d 57 (2d Cir. 1993) ........................................................................................... 7

*Wolo Mfg. Corp. v. ABC Corp.*,
  349 F. Supp. 3d 176 (E.D.N.Y. 2018) .......................................................................... 9

**Statutes**

NY Civil Rights Law § 70-a ................................................................................................ 9

NY Civil Rights Law § 76-a ................................................................................................ 9

N.Y. CPLR § 3211 ............................................................................................................... 9

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................. 9

The Court should dismiss the FAC (Dkt. 29) because the relevant facts as pleaded in Plaintiff CDC's FAC (*see* Dkt. 44 ("Mot.") at 2-5), and the relevant documents incorporated by reference and integral to the FAC (*id.* at 5-6), including (i) the screenshots depicting the actual unedited text about Plaza's[1] Amazon listings (the "Statements") contained in the reports Lienau submitted via an online form to Amazon pursuant to its IP protection program (the "Reports"), (ii) two emails containing two of Amazon's actual Notices to Plaza responsive to Lienau's Reports (the "Notices"), and (iii) explanatory material from Amazon, which material provides the necessary context for understanding the Statements, all make inescapable the conclusion that Plaintiff has failed to state a viable claim.  The Court also may conclude that Plaintiff's choice to litigate, rather than to disclose to Amazon (or Defendants) exculpatory proof establishing authenticity of the involved Goods, runs afoul of New York's Anti-SLAPP legislation, warranting leave to amend and substantive dismissal of the defamation claim.

Plaintiff admits that Lienau's Statements or Reports to Amazon are integral to the FAC,[2] and that **Plaintiff never saw, read, or had access to those Statements**, giving lie to and contradicting the averred purported word-for-word defamatory quote from the Statements in the FAC.  *See* Dkt. 47 ("Opp'n") at 6-7.  Its false quote omits the critical contextual "additional comments" found in the actual Report form which state that Lienau had attempted to identify the source of the Goods in question, could not, and therefore assumed that the Goods were counterfeit.  *Id.* at 9-10.  Plaintiff also acknowledges that Amazon's Notice invited and allowed Plaza to respond to Amazon and potentially reinstate the listings.  *Id*. at 8.[3]

---

[1] *See* Mot. at 3 n.3 (discussing the identity of Plaza).
[2] Plaintiff questioning the formatting of the Reports Lienau submitted doesn't challenge its contents.  Opp'n at 7-8.
[3] Plaintiff seeks to excuse not responding to Amazon's Notice because the invoices were over a year old and would not be accepted by Amazon as proof of authenticity.  *See id.* at 8-9.  This fails however because it goes to Plaintiff's motive, not Lienau's, and does not raise facts that might be known to (or discovered by) Lienau.  In any event, it is not alleged in the FAC.  Plaintiff does not disavow other ways Plaza might have established authenticity to Amazon.

1

Amazon's investigation into authenticity, and Plaza's non-response, wholly undermine Plaintiff's attempted characterization of Amazon's understanding of Lienau's Statements as fact, rather than opinion, and its imputation of improper purpose to Lienau.  *See* Part I, *infra*.

As a whole, Plaintiff contradicts its unplausible narrative of Lienau knowingly or recklessly making misstatements to Amazon as a vengeful nemesis of an "unauthorized-but-lawful" unidentified class of resellers including Plaza.  Rather, the FAC, the integral documents, and these late-breaking acknowledgements provide a humdrum more plausible explanation: unable to determine provenance of the Goods, Lienau asked Amazon to ask Plaza to document authenticity. Plaza couldn't, or wouldn't, for its reasons.

I. **THE STATEMENTS ARE OPINIONS BASED ON DISCLOSED FACTS, SUBMITTED PURSUANT TO AMAZON'S IP PROTECTION POLICY AND NOT DEFAMATORY.**

For purposes of this motion, the Court must assume that the Goods are not counterfeits. The Court should consider the literal meaning of and interpret the Statements in the context of Amazon's process, namely, Lienau requested that Amazon ask Plaza to document authenticity. The ten Reports each contain a version of the wording "Please note that only CaseMotions and Sportique are authorized by STM to sell on Amazon. These sellers [Plaza] are not authorized nor are they buying direct from STM therefore we **conclude** this product is counterfeit."  Powers Decl. (Dkt. 45) ¶ 2, Ex. 1 (emphasis added); *see also id.* Exs. 2-10.  All versions of the Statement indicate that Lienau "assumes" or "concludes" that the products were counterfeit because Lienau could not determine that Plaza was a customer of STM's authorized sellers.  *Id.*

Plaintiff acknowledges that the actual Statements should be evaluated in the overall context of Amazon's procedure.  Necessary context for understanding the Statements includes that Amazon "received, read, and acted upon" the Reports and, as a result, issued Notices to Plaza.

FAC ¶ 39.  And, as now admitted, Plaza had options, e.g., submitting documents to Amazon, to establish authenticity.[4]  *See* Opp'n at 8-9.

As to literal meaning, Plaintiff asserts that the Statements simply read on their faces as declaratory statements that the goods were counterfeit.  It downplays the remainder of the Statements as declarations "accompanied by what amounts to a footnote that is unclear in its meaning and significance."  Opp'n at 10.  Plaintiff seemingly asserts that Lienau's Statements must be mixed opinions based on undisclosed facts.  In its view, Amazon *must have understood* Lienau's disclosure of the factual basis for its belief as implying that there were undisclosed facts.  Plaintiff has thus gone from arguing in its FAC that Amazon's policy was automatic, to arguing that Amazon is a mind-reader.  *See* Opp'n at 9-11.

Compare Lienau's Statements to the facts in the case cited by Plaintiff.  *Id*. at 10.  The defendant there, commenting negatively on plaintiff in a press interview, said "the kid behind this is trying to get money.  ***He's tried before***.  And now he's trying again . . . ."  *Davis v. Boeheim,* 24 N.Y.3d 262, 271 (2014) (emphasis added).  The court, considering the context of the statement, noted that readers knew that the defendant had access to a confidential investigation relating to plaintiff, and therefore would understand that the statement "[h]e's tried before" explicitly referred to an otherwise unidentified and undisclosed incident.  *Id*. at 272-73.  Here, by contrast, there is nothing to suggest that a reader would understand any statement as insinuating or explicitly referencing any specific undisclosed facts other than the facts and investigation Lienau explicitly disclosed (such as the existence of a prior confidential investigation).[5]

---

[4] Plaintiff mischaracterizes both the Amazon policy and Lienau's arguments.  Opp'n at 8-9.  To restate: Amazon's form of Notice advises a seller that it can respond to a takedown in several ways.  Mot. at 12-13.  Additionally, the FAC omitted facts that Plaintiff's invoices would not have been acceptable to Amazon, or that it has no documentation that would have been acceptable.  Opp'n at 8.

[5] Plaintiff's assertion that Amazon does not take down products "simply because they are unauthorized sales" (Opp'n at 10) is incorrect—all sales of infringing goods are unauthorized and Amazon takes these down.

3

Finally, in contrast to *Davis*, it is plausible on the allegations and integral documents that Amazon interpreted the Statements as not factual. In the Notice to Plaza it referred to the Statement as an "Allegation," not as a fact or a finding or a determination. *See* Powers Decl. (Dkt. 45) Ex. 11. Amazon's Notice also invited responses, the nature of which imply that Amazon recognizes that the Reports are a first step only—there can be mistakes, misunderstandings, and different points of view, and so further inquiry is called for. *See id.* Importantly, Amazon gives the seller the opportunity for the final word without further input from a rights owner or an agent like Lienau.

    **A.**    **Plaintiff Cannot Rebut that Lienau's Statements Were Privileged**

          **1.**    **Lienau's Statements to Amazon Pertain to Their Common Interest in Monitoring Brand Rights on Amazon's Site and Thus are Privileged**

Plaintiff disputes the applicability of any common interest privilege here, citing an inapposite case decided under New Jersey law which places the burden on defendant to establish the existence of the privilege. New York, however, clearly recognizes a qualified common interest privilege when the allegedly defamatory statement is made between persons who share a common interest in the subject matter. *See, e.g.*, *Foster v. Churchill*, 87 N.Y.2d 744, 7521 (1996) (applying privilege to independent board members to Board); *Liberman v. Gelstein*, 80 N.Y.2d 429, 437 (1992) (tenant to building's board of governors); *Buckley v. Litman*, 57 N.Y.2d 516 (1982) (physician to state disciplinary body); *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-cv-6017 (KMK), 2007 WL 2781246, at *14 (S.D.N.Y. Sept. 24, 2007) (business to customers). "The rationale for applying the privilege in these circumstances is that so long as the privilege is not abused, the flow of information between persons sharing a common interest should not be impeded." *Liberman*, 80 N.Y.2d at 437.

Plaintiff cannot reasonably dispute that Amazon and Lienau share a common interest in monitoring and protecting brand authenticity. Amazon's creation of its Brand Registry, Brand

4

Protection complaint forms, and IP protection policy for its marketplace, and Lienau's use thereof in submitting Reports for its client STM, manifest this common interest.

### 2. The Pre-Litigation Statement Privilege Is Not Limited to Lawyer-to-Lawyer Communications

Plaintiff incorrectly asserts that New York's qualified pre-litigation privilege is limited to attorney statements. Opp'n at 11-12. Plaintiff's case law actually supports applying the privilege to non-attorney communications. A statement is "subject to a qualified privilege when it is fairly made by a person in the discharge of some public or private duty, **legal** or moral, or in the conduct of his [or her] own affairs, in a matter where his [or her] interest is concerned," articulated in *Front v. Khalil*, 24 N.Y. 3d 713 (2015) (emphasis added). Here, the Reports on their face assert a legal claim.[6]

### 3. Plaintiff Cannot Meet its Burden that Lienau Exceeded its Privileges

Plaintiff bears, but cannot carry, the burden of establishing that the Statement in question is not privileged. *See Orenstein v. Figel*, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009) (holding that the statement being non-privileged is an element of the tort). The FAC, integral documents, and admissions establish that Lienau's Statements to Amazon were privileged under several theories. This shifts the burden to the plaintiff to establish that the communication was motivated *solely* by malice. *See Toker v. Pollak*, 44 N.Y.2d 211, 219 (1978). Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion—the best Plaintiff can muster here—are

---

[6] Plaintiff's other authority (Opp'n at 12) discussed and rejected the notion that the privilege is limited to attorney communications, noting that such an argument was rejected by both the New York Court of Appeals and the Second Circuit. *See Giuffre v. Maxwell*, No. 15-cv-7433, 2017 WL 1536009, at *7 (Apr. 27, 2017). Importantly, the rationale of the pre-litigation privilege applies here, namely that "those discharging a public function may speak freely to zealously represent their clients without fear of reprisal or financial hazard." *Id.* at *8 (citing *Khalil*, 24 N.Y.3d at 718). Furthermore, pre-litigation communications encourage potential defendants to negotiate with potential plaintiffs. *Khalil*, 24 N.Y.3d at 719.

insufficient to defeat the claim of qualified privilege. *Thai v. Cayre Group, Ltd.*, 726 F.Supp.2d 323, 330 (S.D.N.Y. 2010).

                i.        <u>Plaintiff Failed to Plausibly Plead Common Law Malice as a Sole Motivation</u>

With regard to common law malice, "[i]f the defendant's statements were made to further the interest protected by the privilege, it matters not that defendant also despised plaintiff. Thus, a triable issue is raised only if a jury could reasonably conclude that 'malice was the ***one and only*** cause for the publication.'" *Liberman*, 80 N.Y.2d at 439 (emphasis added) (citation omitted).

Plaintiff's argument that Lienau's Reports to Amazon were motivated not to police its client's trademarks, but ***solely*** to harm Plaza, is implausible and rests on non-specific allegations. Assuming what it must prove, Plaintiff repeatedly asserts that Lienau "knew" the Reports were improper, and that its sole purpose was to harm Plaza, but it cannot identify a single specific allegation why Lienau would have a "high awareness" (Opp'n at 14) of this ***prior*** to filing a Report. To the contrary, it is plausible, on the face of the Complaint, that Lienau had a proper purpose in filing the Reports, namely policing Amazon's marketplace for inauthentic and infringing product listings. *Cf. Godinger Silver Art Ltd. v. Hirschkorn*, 433 F. Supp. 3d 417, 426-27 (E.D.N.Y. 2019). Plaintiff's pleading as to sole motive relies on the illogical inference that Lienau was not motivated ***at all*** to prosecute a "proper" Report that would result in the removal of infringing listings, and was instead solely motivated to prosecute "improper" Reports that might go nowhere.

Additionally, the FAC contains no allegations as to how Lienau would know that Plaza is, as Plaintiff apparently asserts, a lawful re-seller. Assuming that, as a class, trademark owners dislike lawful re-sellers, there is no (non-conclusory) allegation in the FAC that supports the inference that Lienau had a high awareness that this seller's specific Goods were authentic, even putting aside Lienau's factual statements that it determined that it had Plaza was not a customer of STM's authorized distributors.

A conclusory allegation that a defendant had an improper purpose does not support an inference of malice. *Liberman*, 80 N.Y.2d at 439. The decision cited by Plaintiff, *Weldy v. Piedmont Airlines*, 985 F.2d 57 (2d Cir. 1993), was a post-trial appeal, where trial evidence established that the statement was known to be false when made; it does not speak to pleading sufficiency. *Id.* at 64. Here, there is no allegation that plausibly supports the inference that at the time of the Reports, Lienau's *sole* motivation was malice, rather than policing its client's trademarks, or that Lienau would know or had reason to know Plaza's alleged status as a reseller of authentic Goods.[7]

> ii. Plaintiff Failed to Plead Actual Malice Because There Is No Specific Allegation that Lienau Had a Reasonable Hunch

Plaintiff alleges that its pleadings establish that Lienau was motivated by actual malice, in that the Reports were a tactic for removing unauthorized products, and that Lienau acted with an actual or reckless disregard for the truth. But there are no plausible allegations that permissibly support an inference that Lienau seriously doubted the truth of its Statements. Moreover, Plaintiff has not rebutted Lienau's authorities that a defendant's purported motivation; a plaintiff's purported denials; and a defendant's supposed failure to investigate,[8] all do not serve as a basis for pleading actual malice.

Plaintiff instead relies on a tautological argument: "Lienau's submission of these reports without regard for their accuracy alone demonstrates a high awareness that the reports probably were not accurate or at least support the inference that Lienau had serious doubt as to the truth of the reports." Opp'n at 14. But Plaintiff's tautology fails because even if Lienau was wrong and

---

[7] Plaintiff's "retaliation" argument (Opp'n at 3) is a red herring. First, it cannot apply to the initial Report made before any threat of litigation came from the Litigation Manager. Second, viewed most favorably to Plaintiff, at most it provides ***another*** motivation, which confirms that it was not the ***sole*** the motivation, for filing Reports 1-10.
[8] *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 124 (2d Cir. 2013) (a failure to investigate does not establish malice).

the Goods are authentic, that is not a basis for finding that Lienau had a reckless disregard for the truth when the Statements were made. *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 1:22-cv-00377-DLC at 8 (S.D.N.Y. Sept. 28, 2022) (holding subsequent retraction of Amazon takedown not probative of reckless disregard at the time reports were made).

Finally, Plaintiff has not rebutted Lienau's contention that the additional comments in the Statements disclosed that fact the Lienau had investigated. Contrary to Plaintiff's out-of-pleading assertion as to the nature of test purchases, filing the Reports with Amazon was part of the investigation of the authenticity of Plaintiff's Goods. Opp'n at 14-15.

## II. LIENAU DID NOT ASSERT RIGHTS IN ITS OWN NAME

Plaintiff alleges that Lienau is "authorized by STM to independently enforce STM's trademark rights by reporting violations of such rights." FAC ¶ 21. It contradicts that assertion now, falsely declaring that Lienau filed the Reports on "[Lienau's] admittedly independent authority to take enforcement action with respect to STM's trademarks." Opp'n at 17. Lienau has admitted no such thing and only acted "to report" under its authorization. There is no allegation that Lienau acted beyond reporting or without authorization. Accordingly, there is no plausible allegation that Lienau has ownership rights in the STM trademark, nor asserted or threatened any legal right or action against Plaza in Lienau's own name. Indeed, both Lienau's Reports to Amazon and Amazon's Notices identify the STM registration as the *sole* basis for the claims, and state that the claims reported are on behalf of the "Rights Owner," i.e., STM.

Plaintiff's hypothetical standing argument fails for the same reason—there is no allegation that Lienau took any action that could be construed as an assertion of its own rights.

## III. PLAINTIFF CANNOT STATE A NON-DUPLICATIVE TORTIOUS INTERFERENCE CLAIM

8

Plaintiff's opposition fails to rebut, and therefore concedes, the points in Lienau's opening brief that Plaintiff has failed to adequately plead that Plaza had business relations with a third party and that Lienau's acts injured the relationship (the second and fourth elements). Mot. at 20-23. Plaintiff also has admitted, for purposes of this motion, that the fourth element is not met, arguing that its invoices would not have been accepted by Amazon, for reasons independent of Lienau's actions, underscoring that Plaintiff's allegations of causality of injury are speculative.

Plaintiff, admitting it must plead "a crime or independent tort" that is not duplicative of its defamation claim, now conjures "fraud by omission." But Plaintiff's newly articulated fraud theory is insufficiently stated: *inter alia*, the FAC does not specify what the omissions were. *See* Fed. R. Civ. P. 9(b); *see also Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293-94 (S.D.N.Y. 2000), *aff'd*, 2 F. App'x 109 (2d Cir. 2001).

## IV.   LIENAU HAS NOT MISUSED OR TAKEN A PROPERTY RIGHT OF PLAINTIFF'S

In vexatiously maintaining its unfair competition claim, Plaintiff wrongly conflates its conclusory allegations of *injury* to *its goodwill* with the required element—*use or taking or misappropriation* of *another's* goodwill. Plaintiff has not alleged that Lienau, when it filed its Reports, misappropriated any property right of Plaza. Plaintiff's authority states that unfair competition based on misappropriation involves the *taking and use* of another's property right. *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 208-09 (E.D.N.Y. 2018) ("Misappropriation is also described as taking the skills, expenditures, and labor of a competitor." (citation omitted)).

## V.   THE ALLEGATIONS SUPPORT FINDING AN ANTI-SLAPP VIOLATION

This is the case envisioned when New York amended NY CLS Civ R § 70-a and § 76-a (the "Statute"). The Legislature understood the difficulty in establishing the elements of the Statute based solely on the pleadings, specifying adjudication under § 3211 of the NY CPLR.

9

Plaintiff disputes the applicability of the Statute in Federal Court, but on the present motion, the Court need determine only whether Plaintiff is required to show actual malice. § 76-a. Actual malice is a substantive concept of state law that does not conflict with a federal rule. The Court's determination now will not require application of a New York procedural rule. *See Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014).

Lienau has set forth three independent theories herein that actual malice is the appropriate standard under this motion. In any event, Plaintiff acknowledges that it has pleaded actual malice (Opp'n at n.2). As a matter of judicial economy, the Court may determine at this time whether Plaintiff has met the actual malice standard, including under the Statute.

Lienau will be able to establish the elements of the Statute if granted the requested leave to file a counterclaim that Plaintiff improperly interfered with Lienau's lawful right to act as an agent on its client's behalf by bringing a frivolous defamation claim. Plaintiff's allegations of injury to its public goodwill alone meets the public forum requirement. Plaintiff also has conceded that brand integrity on Amazon is a matter of public interest, as confirmed by its discussion of its proposed Washington Consumer Protection Act ("WCPA") claim. Opp'n at 25-27.

## VI.   FUTILITY OF FURTHER AMENDMENT

Long on notice of its pleading deficiencies, *see* Dkt. 21, Plaintiff has still failed to explain what additional facts it could allege beyond the FAC to cure its continued reliance on conclusory allegations of malice. *See CT Espresso*, No. 1:22-cv-00377-DLC at 12 (S.D.N.Y. September 28, 2022) (denying leave to amend after plaintiff fails to plead actual malice). Nor has Plaintiff specified how any amendment would cure the remaining pleading deficiencies. Plaintiff's request to add the WCPA claim is neither responsive to Lienau's motion to dismiss nor properly before this Court on motion. On the record, amendment is futile and should be denied.

Dated: October 3, 2022

Respectfully Submitted,

LEASON ELLIS LLP

*(signature)*

Robert M. Isackson (RM 4303)
Martin B. Schwimmer (MS 7011)
Stefanie M. Garibyan (SL 6170)
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023
Email: isackson@leasonellis.com
schwimmer@leasonellis.com;
garibyan@leasonellis.com

*Attorneys for Defendant Lienau Sales and Marketing, LLC (d/b/a Lienau)*